IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

MICHAEL AUSTIN,

     Plaintiff,

v.                                                                          C.A. No.: 5:23-cv-71

YASAR, LLC, and,
DELTON DANIEL,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL AUSTIN (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, YASAR, LLC, and DELTON DANIEL (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiff against his employer pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

2.     Plaintiff seeks damages pursuant to 29 U.S.C. 216(b), including without limitation, unpaid overtime; liquidated damages; employment; reinstatement; promotion; and the payment of wages lost and an additional equal amount as liquidated damages and a reasonable attorney's fee and costs.

## JURISDICTION

3.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

1

**VENUE**

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant,

YASAR, LLC, has offices Lubbock County, Texas.

**THE PARTIES**

5.      Plaintiff is an individual residing in Lubbock, Texas.

6.      Plaintiff, MICHAEL AUSTIN, was employed by Defendant from July 7, 2021,

through November 11, 2022, as a Security Guard paid at the regular rate of $600.00 per workweek,

and whose primary duties were to relieve other guards from their posts outside of various locations

such as the offices of the Texas Workforce Commission, construction sites, shopping centers, RV

parks, banks and hospitals.

7.      At all times material hereto, Defendant, YASAR, LLC, owned and operated a

business in Lubbock, Texas.

8.      Defendant, YASAR, LLC, is a limited liability company existing under the laws of

the State of Texas and maintains offices in Lubbock County, Texas.

9.      Defendant, YASAR, LLC, is a company that primarily operates a security services

company and is an employer as defined by 29 U.S.C. § 203(d).

10.     Defendant, YASAR, LLC, has employees subject to the provisions of 29 U.S.C. §

206 in the facility where Plaintiffs were employed.

11.     Defendant, DELTON DANIEL, is an individual residing in Lubbock County,

Texas.

12.     Defendant, YASAR, LLC, has employees subject to the provisions of 29 U.S.C. §

206 in the facility where Plaintiff was employed.

13.     At all times material to this complaint, Defendant, YASAR, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

14.     At all times material to this complaint, Defendant, YASAR, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s)..

15.     At all times material to this complaint, Defendants employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce, *e.g.*, trucks and automobiles that were built outside of the state of Texas.

16.     At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

17.     Plaintiff re-alleges and incorporates herein paragraphs 1-16, *supra*.

18.     During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty hours, but was never paid the additional half-time premium for each hour over 40 worked in a workweek as required under the FLSA.

19.     Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

20.     Defendants had knowledge of and approved such work being performed.

21.     Plaintiff did not hold a position that would be considered exempt from the overtime requirements of the FLSA.

22.     As a result of Defendants' unlawful conduct, Plaintiff has been damaged.

23.     Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

24.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

25.     Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendants, YASAR, LLC, and DELTON DANIEL, for the following:

a.     Unpaid overtime wages found to be due and owing;

b.     An additional amount equal to the amount of overtime wages
found to be due and owing as liquidated damages;

c.     Prejudgment interest in the event liquidated damages are not awarded;

d.     Reasonable attorneys' fees, costs, expert fees, mediator fees and out
of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. §
216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.     For any such other relief as the Court may find proper, whether at law
or in equity.

## COUNT II
## RETALIATION UNDER THE FLSA

4

26.     Plaintiff re-alleges and incorporates herein paragraphs 1-16, *supra*.

27.     This is an action for brought by Plaintiff against his employer pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

28.     Plaintiff seeks damages for lost/unpaid wages, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

29.     On or about November 11, 2022, Plaintiff specifically complained to Defendant, DELTON DANIEL, via telephone that he was not being paid his overtime wages appropriately. Defendant, DELTON DANIEL, responded to the complaint by informing the client that his employment was terminated.    Thereafter, but almost immediately after the telephone conversation, Plaintiff and Defendant, DELTON DANIEL, exchanged text messages wherein Plaintiff inquired as to whether he was still terminated.    Defendant, DELTON DANIEL, responded that Plaintiff had been demoted from manager to a security guard position.    After seeking confirmation that he had not been fired Defendant, DELTON DANIEL, responded that Plaintiff was being fired for gross insubordination.    A true and correct copy of that text message exchange is attached hereto as Exhibit "A" and incorporated herein by reference.

30.     Defendant's stated reason for terminating Plaintiff's employment is false and a pretext for terminating Plaintiff for his complaint about not being paid overtime in violation of the FLSA.

31.     The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits retaliation.    *See* 29 U.S.C. § 215.    As a result of Defendants' unlawful actions alleged herein, Plaintiff has been damaged.

32.     Defendants' actions as alleged herein were willful and the Defendants failed to act

reasonably to comply with the FLSA.

33.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to, without limitation, employment, reinstatement, promotion, and the payment of wages lost and an award of liquidated damages pursuant to 29 U.S.C. § 216(b).

34.    Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, YASSAR, LLC, and DELTON DANIEL, jointly and severally, for the following:

a.    Awarding Plaintiff his lost wages, an award of liquidated damages, and attorneys' fees and litigation expenses as provided by law;

b.    Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

c.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

d.    Ordering Plaintiff be reinstated in his previous position at the same pay rate and benefits he had at the time of his termination.

## JURY TRIAL DEMAND

Plaintiff, MICHAEL AUSTIN, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this April 3, 2023.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

By: */s/ S. Rafe Foreman*
**S. RAFE FOREMAN**
State Bar Nos. TX 07255200
                 NM 4161
                 OK 17735
                 MO 66811
SRFservice@FightsForRight.com

**HUTCHISON & FOREMAN, PLLC**
1312 Texas Avenue, Suite 101
Lubbock, Texas 79401
Tel:    (806) 491-4911
Fax:    (806) 491-9911

500 E. 4th Street, Suite 100
Fort Worth, Texas 76102
Tel:    (817) 336-5533
Fax:    (817) 887-5471

**ATTORNEY FOR PLAINTIFF (LOCAL COUNSEL)**

7

Case 5:23-cv-00073-H | Document 1 | Filed 04/03/23 | Page 8 of 13 | PageID 8

EXHIBIT A

< D **Delton DK Daniel** ⌄                    ⋮

Friday, November 11

> Can I get a copy of my paycheck stubs for this week?

9:48 AM

$1012.03 is the total for todays deposit. I am in  Shallowater working today and I can send you the stub when I get home .
If you want to, you can call the payroll people at Snelling and you can ask them to email it to you and ask for the password to access it

10:01 AM

So should I be getting the rest of my pay tonight?

What is the password?

10:03 AM

Three polo shirts

One Medium White long sleeve

One 5XL long sleeve

One box of cufflinks and Badge

These items have been returned to the patrol vehicle.

**Delton DK Daniel**

I will return all other items today, and catalog them.

11:14 AM

One 3XL Shirt long sleeve

Two white medium long sleeve

Lenient Cufflinks, and an extra badge.

3:46 PM

When will I be receiving my overtime pay, and Am I still terminated from my position?

3:49 PM

I have not been home yet to see

< D **Delton DK Daniel** ⌄ ⋮

I have not been home yet to see about the overtime. I will tend to that later today.

You are no longer a manager but you are still a guard

3:52 PM

You said I no longer have a job this morning

3:54 PM

Do you want to stay in or not. I won't argue the point

3:55 PM

Are you firing me or not?

I need to kno

3:57 PM



||| ○ ‹



‹ D **Delton DK Daniel** ⌄ ⋮

4:06 PM

Why am I no longer
the manager ?
Because as of
this morning you
terminated me

4:07 PM

Why are you taking
my shifts away?
What grounds am
I not a manager?
How come I am
no longer able to
access Zoomshift?

4:35 PM

Your fired for gross
insubordination.

If you wish to
discuss it call me or
come over.

4:37 PM

    

